IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| FREDDIE LEWIS IRVIN, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-mc-9 |
| v. | |
| JEFF COLEMAN, et al., in their individual and official capacities, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction.  Doc. 1.  Plaintiff, an inmate at Ware State Prison, filed this Motion, requesting a temporary restraining order or in the alternative, a preliminary injunction, from Defendant Jeff Coleman, the Warden at Ware State Prison.[1]  Id. at 1.  Additionally, Plaintiff requests the Court order him to be transferred to a "medium" security prison because of the dangers posed to him by other inmates at Ware State Prison.  Id.  For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Motion and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1]  The factual allegations in Plaintiff's Motion in this action are substantially similar to allegations in Plaintiff's Complaint in Irvin v. Coleman, 5:20-cv-109 (S.D. Ga. 2020), which was filed nearly eight months after the motion in this action.  In both suits, Plaintiff alleges the same Defendants locked him in a shower for almost two days and denied him sheets, towels, and personal hygiene items for a month. Doc. 1 at 2; Doc. 1-1 at 2–3.  Notably, Plaintiff seeks only preliminary injunctive relief in this action and only monetary damages in 5:20-cv-109.

**BACKGROUND**

Plaintiff brings this Motion, seeking a temporary restraining order against Defendant Coleman, the Warden of Ware State Prison where Plaintiff is incarcerated, as well as an order requiring him to be transferred to a "medium" security prison.  Doc. 1.  Plaintiff contends a temporary restraining order and transfer are necessary because of the dangers he faces at Ware State Prison.  Id.

Plaintiff claims he was transferred from Johnson State Prison to Ware State Prison as retaliation for filing a lawsuit.  Id. at 2.  Then, Plaintiff alleges from December 9 to December 11, 2019, Defendants Johnson and Carver and other unnamed officers locked Plaintiff in a shower without food, water, or access to a toilet.  Id.  Though Plaintiff was returned to his cell on December 11, 2019, he contends he still faces serious risk of harm from the other inmates.  Id. at 3.  Plaintiff explains he is a "medium-security offender" but is housed with violent inmates of a higher security classification, which poses a significant threat to his safety.  Id.  For example, Plaintiff alleges his cellmate stabbed him.  Id. at 4.  Plaintiff contends the risk of danger from other inmate continues so long as he is incarcerated at Ware State Prison.  Id.  Thus, Plaintiff requests the Court enter a temporary restraining order against Defendant Coleman and order Plaintiff's transfer to a medium security facility.  Id. at 4–5.

**DISCUSSION**

**I.      Motion for Preliminary Injunction or Temporary Restraining Order**

Plaintiff seeks a preliminary injunction and temporary restraining order to direct Defendants to refrain from "unlawful practices" against Plaintiff and remove Plaintiff from Ware State Prison's "dangerous environment" by transferring him to a medium-security facility.  Doc. 1 at 4–5.  To be entitled to a preliminary injunction or a temporary restraining order, the

movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quotation omitted).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Though Plaintiff brings several allegations relating to past harm, see doc. 1-1, he has not shown he has satisfied the prerequisites to be entitled to injunctive relief at this time. Specifically, at this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. This is especially true given that Plaintiff's allegations all relate to events which occurred more than a year ago. This is not to say Plaintiff will not eventually be able to obtain injunctive relief. Rather, the Court will not interfere at this time on the facts before it. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's request for preliminary injunctive relief and a temporary restraining order.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka,

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 25th day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA