# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| FREDDIE LEWIS IRVIN, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:19-mc-9 |
| v. | * | |
| JEFF COLEMAN, et al., | * | |
| Defendants. | * | |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated January 11, 2020. Dkt No. 7. In the Report, the Magistrate Judge recommended the Court deny Plaintiff's Motion for a Temporary Restraining Order, or in the alternative, a Preliminary Injunction from Defendant Jeff Coleman, the Warden at Ware State Prison. Dkt. No. 6. The Magistrate Judge based this recommendation on Plaintiff's failure to show the requisite likelihood of success on the merits of his claim or that injunctive relief is necessary to prevent irreparable injury. Id. at p. 4.

Plaintiff objects to the Magistrate Judge's Report, explaining he has filed other lawsuits based on the same facts

AO 72A
(Rev. 8/82)

contained in his motion for preliminary injunction. Dkt. No. 7, p. 2. This is an observation also made by the Magistrate Judge. See Dkt. No. 6, n.1. Plaintiff also attempts to bring entirely new claims against different defendants, which are unrelated to the alleged factual basis of his Motion for Preliminary Injunction. Dkt. No. 7, pp. 3-4. However, objections to a report and recommendation are not a proper vehicle "through which to make new allegations or present additional evidence." See Williams v. McNeil, 557 F.3d 1287, 1290-91 (11th Cir. 2009) (determining a district court does not abuse its discretion when it refuses to consider arguments not presented to the magistrate judge). Regardless, the additional allegations in Plaintiff's Objections still fail to establish Plaintiff has satisfied the prerequisites for a temporary restraining order or preliminary injunction. Thus, Plaintiff's Objections are **OVERRULED**.

Finally, the Court observes Plaintiff failed to submit a complaint with his Motion. The freestanding filing of a motion is not the appropriate way to initiate a case. Under Local Rule 4.1, the commencement of a civil action requires compliance with four criteria, including the presentation of the complaint. Local R. 4.1. Thus, if Plaintiff wishes to initiate a civil action based on the allegations contained in his Objections, he must do so in accordance with this Court's Local Rules, including by submitting a complaint.

2

AO 72A
(Rev. 8/82)

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order, dkt. no. 1, and Plaintiff's Motions to Proceed *in Forma Pauperis*, dkt. nos. 4, 5. Further, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

SO ORDERED, this ___16___ day of ___Febru___, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA